IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Gail R. Jackson, | ) CIVIL ACTION NO. 2:13-1283-DCN-BM |
|       Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| South Carolina State Ports Authority, | ) |
|       Defendant. | ) |

This action was filed by the Plaintiff, who at the time of filing was represented by counsel, asserting claims for race discrimination (First Cause of Action), retaliation (Second Cause of Action), gender discrimination (Third Cause of Action), race discrimination and retaliation pursuant to 42 U.S.C. § 1981 (Fourth Cause of Action), and race, sex and gender discrimination under 42 U.S.C. § 1991[1] (Fifth Cause of Action). Plaintiff, a former employee of the Defendant, is no longer represented by counsel, and is proceeding pro se. See Court Docket No. 33.

On December 17, 2013, the Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., seeking dismissal of Plaintiff's claims for sex/gender discrimination and

---

[1]Plaintiff apparently is referring to the 1991 amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.



retaliation.² As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 18, 2013, advising Plaintiff of the importance of a dispositive motion, and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted. However, despite the specific warning and instructions as set forth in the Court's Roseboro Order, Plaintiff has failed to file any response to the Defendant's motion, notwithstanding having been given an extended period of time to do so. Defendant's motion is now before the Court for disposition.³

**Allegations of the Complaint**

Reviewing the allegations of the Complaint relevant to Defendant's motion, Plaintiff alleges that she is an African-American female who began employment with the Defendant in June of 2007. Complaint, ¶¶ 6, 8. Plaintiff uses the next several paragraphs to set forth alleged acts of racial discrimination. Id., ¶¶ 8-12. Plaintiff then alleges that, after filing a grievance for alleged abusive behavior over the radio, she was retaliated against by being given a written warning for alleged abuse of radio protocol. Id., ¶ 13. Plaintiff then sets forth another alleged incident of race discrimination, asserts that "black female officers" were less likely to be promoted even though more qualified than "white officers", and that she was retaliated against by her supervisor after filing a grievance complaining of "unfair treatment". Plaintiff was then terminated by the Defendant on

---

²This would include Plaintiff's Second Cause of Action alleging unlawful retaliation, Plaintiff's Third Cause of Action alleging discrimination on the basis of sex/gender, Plaintiff's Fourth Cause of Action alleging retaliation, in part, along with a claim for race discrimination, and Plaintiff Fifth Cause of Action asserting a claim for sex/gender discrimination in addition to race discrimination.

³As this is a dispositive motion, this Report and Recommendation is being entered for review by the Court.



January 5, 2012.  Id., ¶¶ 14-17.

In her Second Cause of Action, Plaintiff alleges that her reprimands and/or discipline were "the result of the Plaintiff filing a grievance alleging unfair treatment, amounting to engaging in prior EEO activity", and that each time she engaged in "protected activity" she was retaliated against.  Id., ¶¶ 22-23.  In her Third Cause of Action, Plaintiff alleges that "the prior EEO activity of filing a grievance is a course of conduct that constituted gender discrimination", but then complains about the difference in treatment between black and white officers.  Id., ¶¶ 25-26.  In her Fourth Cause of Action, Plaintiff alleges that her rights under § 1981 "were violated as a result and because of her race and being retaliated against all in violation of the hereinabove mentioned statute".  Id., ¶ 28.  In her Fifth and final Cause of Action, Plaintiff alleges that "her rights according to her under 42 U.S.C.A. § 1991 were violated because of her race, sex and gender".  Id., ¶ 30.

## Discussion

Defendant asserts in its motion that Plaintiff has failed to set forth any factual allegations in her Complaint to show that she was discriminated against on the basis of her sex/gender, nor has she alleged that she engaged in any protected activity, a prerequisite to pursuing a claim from retaliation, and that those claims should therefore be dismissed from her Complaint. When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face".  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).


January 5, 2012.  Id., ¶¶ 14-17.

In her Second Cause of Action, Plaintiff alleges that her reprimands and/or discipline were "the result of the Plaintiff filing a grievance alleging unfair treatment, amounting to engaging in prior EEO activity", and that each time she engaged in "protected activity" she was retaliated against.  Id., ¶¶ 22-23.  In her Third Cause of Action, Plaintiff alleges that "the prior EEO activity of filing a grievance is a course of conduct that constituted gender discrimination", but then complains about the difference in treatment between black and white officers.  Id., ¶¶ 25-26.  In her Fourth Cause of Action, Plaintiff alleges that her rights under § 1981 "were violated as a result and because of her race and being retaliated against all in violation of the hereinabove mentioned statute".  Id., ¶ 28.  In her Fifth and final Cause of Action, Plaintiff alleges that "her rights according to her under 42 U.S.C.A. § 1991 were violated because of her race, sex and gender".  Id., ¶ 30.

## Discussion

Defendant asserts in its motion that Plaintiff has failed to set forth any factual allegations in her Complaint to show that she was discriminated against on the basis of her sex/gender, nor has she alleged that she engaged in any protected activity, a prerequisite to pursuing a claim from retaliation, and that those claims should therefore be dismissed from her Complaint. When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face".  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).



Turning first to Plaintiff's claims of gender discrimination, Title VII[4] makes it unlawful "to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . sex . . . ."  In order to survive the Defendant's motion to dismiss and proceed with her gender discrimination claim, Plaintiff's Complaint must set forth sufficient factual matters to state a plausible claim for intentional discrimination based on her gender.  Such claims may be proved either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under the framework established by the Supreme Court in McDonnell Douglas, Plaintiff can meet this standard (at least for purposes of a motion to dismiss) through allegations sufficient to reasonably infer a prima facie case of discrimination;[5] i.e., by showing that 1) she is a member of a protected class; 2) she was performing her job satisfactorily; 3) that she was subjected to an adverse employment action; and 4) that similarly situated male employees received more favorable treatment.  Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S.Ct. 1327 (2013).

However, while Plaintiff has set forth factual allegations to establish that she is a member of a protected class (female) and was subjected to an adverse employment action (she was disciplined and ultimately terminated), she has failed to provide any factual allegations to show that

---

[4] Plaintiff's gender discrimination claims in her Third and Fifth Causes of Action are asserted under Title VII.

[5] See Gladden v. Solis, No. 11-3120, 2012 WL 3009275 (3rd Cir. July 24, 2012)[To survive a motion to dismiss, Plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the prima facie case]; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); see also Johnson v. Scotts Co., No. 11-20, 2011 WL 6415521 at * 2 (S.D.Ohio Dec. 21, 2011)["To survive Defendant's motion to dismiss, [plaintiff] need only establish a prima facie case of discrimination."] (citing Cox v. Shelby State Comty. College, 48 Fed. Appx. 500, 506 (6th Cir. 2002).



she was adequately performing her job, or that she was discriminated against on the basis of her sex. First, Plaintiff specifically alleges that she was accused of improper radio protocol and/or abusive behavior over the radio, conduct for which she was given written warnings on two separate occasions, and possibly a third. Complaint, ¶¶ 11, 13.[6] These allegations do not establish that Plaintiff was adequately performing her job. Further, while Plaintiff alleges that she was treated differently than similarly situated white officers, she makes no such allegations regarding her gender. Id., ¶¶ 8-15. Rather, she just conclusorily alleges later in her Complaint that her rights were violated because of her "sex and gender" and that she was subjected to "gender discrimination". Id., ¶¶ 25, 30. These conclusory allegations, lacking any factual support, cannot establish a claim for gender discrimination. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]. Therefore, the Defendant is entitled to dismissal of Plaintiff's claims for gender discrimination. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].

With respect to Plaintiff's claim of retaliation, in order to survive the Defendant's motion to dismiss her retaliation claim, Plaintiff's allegations must be sufficient to reasonably infer

---

[6]While Plaintiff alleges that white officers engaged in similar conduct but "never got disciplined in any fashion", she makes no allegations that this disparity in treatment had anything to do with her gender.



a prima facie case of retaliation;[7] i.e., by showing that 1) she engaged in activity protected under; 2) the Defendant took an adverse employment action against her; and 3) a causal connection exists between the protected activity and the adverse action. Lettieri v. Equest, Inc., 478 F.3d 640, 650 (4th Cir. 2007); Williams v. Cerberronics, Inc., 871 F.2d 452, 457 (4th Cir. 1989); Munday v. Waste Management of North America, Inc., 127 F.3d 239, 242 (4th Cir. 1997); see Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995)[The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged].

Here, the Defendant asserts, and the undersigned agrees, that Plaintiff has failed to set forth any factual allegations showing that she participated in any protected activity. Cf. Rodas v. Town of Farmington, 918 F.Supp.2d 183, 189 (W.D.N.Y. Jan. 16, 2013)["'Protected activity' includes opposing employment practices that are prohibited under Title VII (such as discrimination based on race, color, religion, sex, or national origin), or making a charge of discrimination, or participating in any investigation, proceeding, or hearing arising under Title VII."]. Plaintiff only alleges that she was retaliated against when she filed a grievance after she was apparently accused

---

[7]Plaintiff's Second and Fifth Causes of Action assert a claim for retaliation under Title VII, while Plaintiff's Fourth Cause of Action asserts a retaliation claim under 42 U.S.C. § 1981. Although McDonnell Douglas is a Title VII case, the standards applicable to lawsuits under § 1981 are basically the same as the standards applicable to lawsuits under Title VII, with the same caselaw being used to evaluate a claim under either statute. See Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1050 (8th Cir. 2002)["In analyzing a claim . . . under section 1981, we apply the same standards as in a similar Title VII claim."]; Long v. First Union Corp. of Virginia, 894 F.Supp. 933, 945 (E.D.Va. 1995); Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997); but see Butler v. Crittenden County, Ark, 708 F.3d 1004, 1051 (8th Cir. 2013)[Section 1981 does not encompass sex discrimination.]. Therefore, the analysis set forth herein with respect to Plaintiff's claims under Title VII also applies to any claims Plaintiff has asserted under § 1981.

6



of engaging in improper and/or abusive behavior over the radio.  Complaint, ¶ ¶ 11, 13, 16.  A generalized claim by an employee that they have been subjected to "unfair treatment" is not protected activity for purposes of a civil rights claim.   Sung Kun Kim v. Panetta, No. 11-1370, 2012 WL 3600288 at * 17 (E.D.Va. Aug. 21, 2012) ["Protected activity does not include generalized employment-related complaints unrelated to Title VII prohibited discrimination"].  Rather, the conduct about which the employee complains must be activity protected by Title VII.  Sara Kaye Ruffner v. MD OMG EMP LLC, No. 11-1880, 2012 WL 3542019 at * 3 (M.D. Aug. 13, 2012)["Protected activity does not include opposition to all 'unlawful practices' or 'practices the employee simply thinks are somehow unfair'; the employee must have 'actually opposed employment practices made unlawful by the [anti-discrimination statute"].

Therefore, the Defendant is also entitled to dismissal of Plaintiff's retaliation claim. See Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; see also  Dickson, 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Twombly, 550 U.S. at  555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"].

## Conclusion

The Defendant has filed a motion to dismiss Plaintiff's Second Cause of Action for retaliation, Third Cause of Action for gender discrimination, as well as Plaintiff's Fourth and Fifth Causes of Action to the extent those Causes of Action include claims for retaliation and/or gender discrimination.  Plaintiff has failed to respond to the Defendant's motion, or file any opposition to



the arguments asserted therein.

Therefore, for the reason set forth hereinabove, it is recommended that the Defendant's motion be **granted**, and that those claims and related causes of action be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 7, 2014
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

<div align="center">

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

</div>

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

