**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Gail R. Jackson,** ) | Civil Action No. 2:13-1283-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **South Carolina State Ports Authority,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action was filed by the Plaintiff, who at the time of filing was represented by counsel, asserting claims for race discrimination (First Cause of Action), retaliation (Second Cause of Action), gender discrimination (Third Cause of Action), race discrimination and retaliation pursuant to 42 U.S.C. § 1981 (Fourth Cause of Action), and race, sex and gender discrimination under 42 U.S.C. § 1991[1] (Fifth Cause of Action). Plaintiff, a former employee of the Defendant, is no longer represented by counsel, and is proceeding pro se. See Court Docket No. 33.

By Order filed March 4, 2014, Plaintiff's Second and Third Causes of Action were dismissed. Additionally, Plaintiff's Fourth and Fifth Causes of Action, to the extent those Causes of Action include claims for retaliation and/or gender discrimination, were also dismissed. See Court Docket No. 42. Pursuant to the Scheduling Order entered by the Court, the discovery deadline in this case was July 11, 2014.

---

[1]Plaintiff was apparently referring to the 1991 amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.



On July 2, 2014, the Defendant filed a motion to dismiss for lack of prosecution. Defendant asserts in its motion that Plaintiff has failed to respond to Defendant's discovery requests, in violation of the Court's Order of June 9, 2014, and the Rules of this Court. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on July 7, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to file a properly supported response, the Defendant's motion may be granted, thereby ending her case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff has failed to respond to the motion, or to contact the Court in any way.

Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982).[2] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at her last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that she wishes to continue with this case and provides a response to the motion to dismiss, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v.

---

[2] She is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff has failed to respond to motions and Court filings despite Court orders requiring her to do so. Lopez, 669 F.2d at 920.



<u>Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[3]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 13, 2014
Charleston, South Carolina

---

[3]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order.  <u>See</u> <u>Simpson v. Welch</u>, 900 F.2d 33, 35-36 (4th Cir.1990); <u>see</u> <u>also</u> <u>Ballard</u>, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

